## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

|  |  |  |
|---|---|---|
| **SAM POSEY, DANNY TODD, BILLY CHITWOOD, and JIMMY PORTER**, | ) ) ) | Shelby County Chancery Court No. 102072-1 R.D. |
| Plaintiffs/Appellants. | ) ) | |
| VS. | ) ) | C. A. NO. 02A01-9603-CH-00058 |
| **CITY OF MEMPHIS, TENNESSEE, DIVISION OF FIRE SERVICES OF MEMPHIS, TENNESSEE, DR. W. W. HERENTON, Mayor, WESTELLE FLOREZ, Director of the Division of Personnel, and CHARLES SMITH**, **Director of the Division of Fire Services,** | ) ) ) ) ) ) ) ) ) | |
| Defendants/Appellees. | ) ) | |

<div style="border:1px solid black; text-align:center;">

# FILED

**Jan. 31, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

</div>

_____

From the Chancery Court of Shelby County at Memphis.
**Honorable Neal Small, Chancellor**


**Mark Allen**,
**Florence M. Johnson**,
AGEE, ALLEN, GODWIN, MORRIS & LAURENZI, Memphis, Tennessee
Attorney for Plaintiffs/Appellants.


**Louis P. Britt, III**,
**Charles V. Holmes,**
**Robert E. Teutsch, Jr.**,
McKNIGHT, HUDSON, LEWIS & HENDERSON, PLLC, Memphis, Tennessee
Attorneys for Defendants/Appellees.


OPINION FILED:

**VACATED AND REMANDED**


**FARMER, J.**


**CRAWFORD, P.J., W.S.** : (Concurs)
**TOMLIN, Sr. J.** : (Concurs)

The appellants to this action are either current or retired firemen for the Division of Fire Services of Memphis, Tennessee (Division).[1]  They appeal from a judgment of the trial court in favor of Appellees, City of Memphis, Tennessee (City), the Division, Dr. W. W. Herenton, Mayor, Westelle Florez, Director of the Division of Personnel, and Charles Smith, Director of the Division, on their action seeking declaratory and injunctive relief regarding the appellees' method of computing pension benefits for those firefighters employed by the City for 30 or more years.  After review of the record, we vacate the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.  We set forth our reasons below.

The complaint alleges that Appellees violated the City's "Pension Ordinance" of the Code of Ordinances, City of Memphis, as amended December 1989, when calculating the pensions of its thirty year fire service employees upon the salary of the former rank of "Captain" as opposed to that of "Battalion Commander."  The ordinance, codified at Section 25-1(4)(a)(III), reads:

> For any Police Officer or Firefighter credited with thirty (30) or more Years of Service, and eligible for automatic promotion to captain or comparable rank in the Police or Fire Divisions of the City under Charter Section 67, his average monthly compensation shall be the current monthly base compensation of a captain or comparable rank in the Police or Fire Divisions of the City as of the date of his retirement, plus any shift premium pay, hazardous premium pay, holiday pay, longevity pay and incentive pay, excluding overtime pay, earned during the immediately preceding twelve (12) months.

Section 67 of the City Charter, as stated in the complaint, reads:

> Section 67.  Automatic promotion to captain after thirty (30) years.
>
> Any fireman or policeman, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty (30) years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all of the salary, emoluments and other privileges of said rank; and, upon the retirement of such firemen or policemen, he shall receive a pension as captain.

---

[1]The record establishes that Appellant Sam Posey is a fireman with 30 years of service with the Division; Appellants Danny Todd and Billy Chitwood have been employed by the Division for 20 and 27 years respectively, both currently serving in the rank of Lieutenant; and Appellant Jimmy Porter is a former fireman with the Division, retiring in 1990 after over 30 years of service.

Automatic promotion to the rank of captain in either the fire services division or the police division as set out in the above paragraph shall not apply to any person employed by the City after the date of January 31, 1979. (Priv. Acts 1927, Ch. 521; Ord. No. 2725, §1, 5-23-78).

It is further alleged:

In May of 1988, the . . . [Division] underwent a personnel reorganization. As a result of this reorganization, the City eliminated the position of captain in the [Division], and created the position of Battalion Commander.

Those persons who, prior to May of 1988, held the position of Captain, were either reclassified as Battalion Commanders or were retired. Therefore, at the time of passage of §25-1(4)(a)III . . . , the position of Captain in the Fire Services Division had been eliminated.

As a result of the reorganization . . . the position of Battalion Commander became a "comparable rank" to that of Captain within the meaning of §25-1(4)(a)(III) . . . .

Rather than pay retiring thirty (30) year firemen benefits based upon rank comparable to that of the non-existent captain's position, the city created an imaginary captain's position and retired officers at this artificially created salary scale.

This imaginary captain's position was created to and had the effect of avoiding compliance with the dictates of §25-1(4)(a)(III) which mandated that retirement benefits be figured on the pay of a person holding a rank comparable to that of a captain.

Appellants also allege a violation of their equal protection rights afforded under the Fourteenth Amendment. It is averred that in June 1992, the City entered into a settlement agreement with certain police officers which provided that upon a police officer's retirement after thirty years of service, he/she would be entitled to the benefits and privileges of the rank of "Commander." Appellants allege that pursuant to such agreement, the City paid certain retiring police officers retroactive pay and benefits. It is further alleged that by virtue of the agreement, the position of police commander became a "comparable rank" to that of a police captain within the meaning of the ordinance. Thus, it is asserted that Appellees have violated Appellants' equal protection rights inasmuch as thirty year policemen are paid "those benefits required by § 25-1(4)(a)(III)," but not thirty year firemen.

The appellees, for answer, admitted that a reorganization of the management structure of the City's fire department had taken place in 1988, effectively eliminating the position of captain, and that the City had entered into a settlement agreement, but denied that such agreement provided a basis upon which Appellants could institute their action. Appellees specifically averred that "Police Captain is a separate and distinct rank within the Memphis Police Department." Appellees denied all remaining material allegations.

Appellees moved for summary judgment, asserting that "firefighters having 30 or more years of service, and eligible for automatic promotion to the rank of captain . . . are not entitled pursuant to [the pension ordinance] to have their pensions based upon the base compensation of a battalion commander. . . ." The affidavit of Charles Smith, submitted in support thereof, details the reorganization process and states, in effect, that the position of battalion commander is not a "comparable rank" to that of captain. The affidavit confirms that since the reorganization and elimination of the position of captain, the Division has maintained a captain's salary on its payroll for the purpose of calculating those pensions due firefighters with thirty or more years of service and eligible for automatic promotion under Section 67. Appellants responded by filing the affidavit of Mr. Chitwood which, in part, addresses the claim of an equal protection violation by noting the settlement agreement herein referenced. Chitwood states, "[t]he City has refused to apply that same principle [as set forth in the agreement] to Fire Services Division employees notwithstanding the fact that the City likewise created a Commander position in the Fire Services Division with similar duties to that of what was formerly a 30-year Captain." A copy of the agreement was attached to Chitwood's affidavit. The motion was denied.

A hearing before the trial court was held with only arguments of counsel presented; no evidence was taken. In ruling from the bench, the trial court stated:

> I understand what you are saying, and I don't believe there is any dispute about it. When they drastically reduced the number of captains in this reorganization, the captains that were left took over the expanded responsibilities.
>
> . . . .
>
> And the next step was that they completely abolished the position of captain and gave them the title of battalion commander;

. . . .

. . . .

You know, gentlemen, of course we're not really talking about a summary judgment motion here today. We're here to try the case. . . .

. . . .

The City is urging that there is no captain's position now for them to be promoted to, so they presumably would retire as lieutenants.

On the other hand, their position is that some or maybe a lot or most of the duties of what used to be a captain's is now taken over by the battalion commanders, so they ought to retire as battalion commanders or the salary paid battalion commanders.

. . . .

. . . . It just appears to the Court that the . . . equitable result of the dispute for those be somewhere between the captain's salary or rather the lieutenant's salary and the battalion commander's salary.

I just don't see any need of any proof. Everything has been presented in the pleadings and opening statements. There just doesn't seem to be a dispute. The question is what should these gentlemen's retirement be based on?

The court then proposed its own formula for correctly computing the pension of a thirty year firefighter. Appellees' counsel expressed their dissatisfaction with the court's suggestion. The court thereafter commented that respective counsel had been given an opportunity to discuss the proposal and work toward a resolution and that "[it did not] know what proof would do." The court then ruled from the bench in accordance with its proposal, but allowed the parties to submit post hearing memoranda.

After the submission of affidavits[2] from both sides, the trial court entered a judgment finding:

[T]hat the position of Battalion Commander in the City of Memphis Fires Services Division is not a "Comparable Rank" to the former rank of Captain within the meaning of § 25-1(4)(A)3 of the Code of Ordinances of the City of Memphis and, as such, a 30-year firefighter is not entitled to have his pension based upon the salary of a Battalion

---

[2]The affidavits set forth the various methods, as considered by the trial court, to calculate Appellants' pensions.

Commander. The Court further finds that the City's use of the Captain's salary as maintained by the City of Memphis Fire Services Division for purposes of calculating the pension of a 30-year firefighter provides such firefighter with all the benefits and pension rights afforded by § 25-1(4)(A)3 of the Code of Ordinances of the City of Memphis.

Appellants' request for a new trial, on grounds that they were denied a right to a trial and that the court did not address their equal protection claim, was denied.

Appellants identify the issues for review as follows:

1. Whether Plaintiffs/Appellants right to trial was improperly denied by the Chancellor.

2. Whether Plaintiffs/Appellants due process rights were violated as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, and the Open Courts, and Law of the Land provisions of the Tennessee Constitution, and whether the Court erred in failing to address Plaintiffs/Appellants Equal Protection argument in its entirety.

Appellees raise the following issues:

1. Whether the Court below correctly determined that the position of battalion commander is not a "comparable rank" to the former rank of captain within the meaning of §25-1(4)(A)3 of the code of ordinances of the City of Memphis.

2. Whether the Court below correctly determined that the City's use of the captain's salary as maintained by the City of Memphis Fire Services Division for purpose[s] of calculating the pension of a 30-year firefighter provides such firefighter with all the benefits and pension rights afforded by § 25-1(4)(A)3 of the code of ordinances of the City of Memphis.

We first consider the court's alleged error in failing to address Appellants' equal protection claim, as we find it dispositive. It is notable that at the hearing, the trial court considered the taking of proof unnecessary, finding "no dispute," but had earlier denied the motion for summary judgment filed by Appellees. Clearly, the allegation regarding a violation of Appellants' equal protection rights, raised in the pleadings and argued by respective counsel at the hearing, was not

addressed or ruled upon by the trial court.[3]  It is, thus, necessary to remand this cause to the trial court for the taking of evidence in order for the trial court to determine whether Appellees violated the Appellants' equal protection rights as granted under the Fourteenth Amendment.  In view of our remand, the remaining issues are pretermitted.

The judgment of the trial court is, accordingly, vacated and this cause remanded to the trial court for further proceedings as hereinabove set forth.  Costs are assessed to the appellees, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
TOMLIN, Sr. J. (Concurs)

---

[3]The court's only comment on the issue came just prior to its oral ruling from the bench, when stating:

> Or if y'all can work out anything together, certainly the Court would be glad to
> have you do so, and it would be to the advantage of all parties concerned if you
> can do it like they did with the police situation, although I am not familiar with
> that at all and didn't hear it.